1   Lesley E. Weaver (State Bar Number 191305)
    lweaver@blockesq.com
2   BLOCK & LEVITON LLP
    492 9th Street, Suite 260
3   Oakland, CA  94607
    Telephone: (415) 968-8999
4   Facsimile: (617) 507-6020

5

6   Attorney for Plaintiff
    (Additional counsel listed on signature page)

7

8                   **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  **NICHOLAS REYNA, on behalf of himself and all**          Case No. _____
    **others similarly situated and aggrieved,**
11                                                             **CLASS ACTION**

12                          **Plaintiff,**                     **PLAINTIFF'S COMPLAINT FOR**
                                                               **DAMAGES, RESTITUTION AND**
13  **VS.**                                                    **INJUNCTIVE RELIEF AND FOR:**

14  **HOMEJOY, INC. (dba HOMEJOY),**                               **(1) Violation of the Federal WARN Act**
                                                                       **(29 U.S.C. section 2101 *et seq.*)**
15                          **Defendant.**
                                                                   **(2) Violation of the California WARN**
16                                                                     **Act (Cal. Labor Code section 1400 *et***
                                                                       ***seq.*)**
17
                                                                   **(3) Waiting Time Penalties (California**
18                                                                     **Labor Code sections 201-203)**
19
                                                                   **(4) Unfair Business Practices (Cal. Bus.**
20                                                                     **Prof. Code section 17200, *et seq.*)**

21                                                             **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

Plaintiff Nicholas Reyna ("Mr. Reyna" or "Plaintiff") alleges the following both individually and on behalf of a class of individuals who are similarly situated (the Class" or "Plaintiffs") against defendant Homejoy, Inc. ("Homejoy" or "Defendant") anywhere in the United States, including California.

## I.       INTRODUCTION

1.      This is a class action seeking unpaid wages and interest thereupon for unpaid wages, including back pay for failure to give written notice of termination, waiting time penalties in the form of continuation wages for failure to timely pay employees, injunctive relief and other equitable relief, civil penalties pursuant to California Labor Code section 1403, reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 2104 and California Labor Code section 1404, and interest brought on behalf of Plaintiff and those similarly situated.

2.      Plaintiff brings this action on his own behalf, and on behalf of other similarly situated former employees who worked for Defendant and who were abruptly terminated as part of or as a result of mass layoffs ordered by Defendant on or about July 17, 2015, and within thirty (30) days of that date, and who were not provided 60 days  advance written notice of their terminations by Defendant, as required by 29 U.S.C. section 2101, *et seq.* ("Fed'l WARN Act") and California Labor Code section 1400, *et seq.* ("Cal WARN Act"; collectively with the Fed'l WARN Act, "WARN Acts").

3.      Through this action, Plaintiff and other similarly situated employees of Defendant seek recovery of damages in the amount of 60 days' pay and benefits by reason of Defendant's violation of the Plaintiffs' rights under the WARN Acts.  Plaintiffs were employees of Defendant and were terminated by the Defendant.  Defendant violated federal and state law by failing to give Plaintiff and other similarly situated employees of the Defendant 60 days' notice as required by State law.

4.      Plaintiff and other similarly situated employees also seek recovery of waiting time penalties as a result of Defendant's failure to pay employees all wages due and owing at the time of their termination, and the parallel remedies under California's Business and Professions Code ("Unfair Competition Law" or "UCL") section 17200 *et seq*.

## II.     PARTIES

### A.     Individual and Representative Plaintiff

5.     Plaintiff Nicholas Reyna is a resident of Berkeley, California.  He was employed by Homejoy, and has suffered injury as a result of Homejoy's unlawful conduct.

6.     Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is filed are current and/or former employees of Defendant who worked or are working as non-exempt, hourly cleaning professionals.

7.     At all times mentioned herein, the named Plaintiff is and was a resident of California, and was employed in a non-exempt position by Defendant during the liability period as a cleaning professional.

### B.     Defendant

8.     Defendant Homejoy is a Delaware corporation headquartered in San Francisco, California.  Homejoy is a "person" within the meaning of California Civil Code section 1786.2(a).

9.     Homejoy is a San Francisco-based cleaning service, which provides cleaning services in cities throughout the country via an on-demand dispatch system.

## III.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. section 1331.

11.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. section 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

12.     At least one member of the proposed class is a citizen of a state different from that of at least one defendant.  Plaintiff's claims involve matters of national or interstate interest.

13.     Citizenship of the members of the proposed class is dispersed among a number of states.

14.     This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. section 1367(a), as Plaintiff's state law claims are so related to Plaintiff's federal claims over which this Court has jurisdiction as to form the same case and controversy.

15.     Venue is proper in this district under 28 U.S.C. section 1391.

16.     This Court has personal jurisdiction over Plaintiff and the Class members' claims and venue is proper in this District for the following reasons: (1) Defendant operates throughout California; (2) Defendant is headquartered in San Francisco, California; (3) Defendant employed Plaintiff and Class members in San Francisco, California, as well as other Bay Area locations; (4) Defendant operates at 580 California Street, 7th Floor, San Francisco, California 94104; (5) the principal violations of California law occurred in California; (6) the conduct of Defendant forms a significant basis for Plaintiff's and the Class members' claims; and (7) Plaintiff and the Class members seek significant relief from Defendant.

## IV.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     <u>Failure to Give Written Notice of Mass Layoffs</u>:  California law requires any employer who orders a "mass layoff" to give the laid-off employees notice of the impending layoff sixty (60) days before the order "takes effect."  Cal. Lab. Code § 1401.  An employer who fails to provide proper notice must pay affected employee up to sixty (60) days of average regular rate of compensation or final rate of compensation, whichever is higher, plus civil penalties.  Cal. Lab. Code §§ 1402, 1403.  A "mass layoff" is defined as "a separation from a position of or lack of funds or lack of work."  Cal. Lab. Code § 1400(c).  A "covered establishment" is defined as "any industrial or commercial facility or part thereof that employs, or has employed within the preceding 12 months, 75 or more persons." Cal. Lab. Code § 1400(a).

18.     Any person may bring a civil action, on his or her own behalf or on behalf of others similarly situated, in any court of competent jurisdiction to establish liability for failure to give written notice of mass layoffs.  Cal. Lab. Code § 1404.

19.     Similarly, under federal law, "An employer shall not order a [] mass layoff until the end of a 60-day period after the employer serves written notice of such an order…to each affected employee."  29 U.S.C. § 2102(a).  An employer who fails to provide the requisite notice must pay affected employees up to sixty (60) days of average regular rate of compensation or final rate of compensation, whichever is higher, plus benefits.  29 U.S.C. § 2104(a).  An "employer" is defined as "any business enterprise that employs (A) 100 or more [full-time] employees…; or (B) 100 or more

[full- or part-time] employees who in the aggregate work at least 4,000 hours per week." A "mass layoff" means "a reduction in force which results in an employment loss at [a] single site of employment during any 30-day period for (I) at least 33 percent of the employees (excluding any part-time employees); and (II) at least 50 employees (excluding any part-time employees)." 29 U.S.C. § 2101(a)(3).

20.     Upon information and belief, on or about July 17, 2015, Defendant gave notice that it would be ceasing operations and that cleaning professionals employed by Homejoy ("Cleaning Professionals") would be terminated on July 31, 2015. This notice applied to at least 50 employees.

21.     Plaintiff Reyna and others similarly situated were or are employed by Defendant in the state of California, and on July 17, 2015, Defendant gave insufficient notice that their employment will end on July 31, 2015, in violation of California Labor Code section 1400, *et seq*.

22.     Plaintiff and others similarly situated are or were employees of Defendant, and Defendant is or was their employer, as those terms are defined in California Labor Code section 1400.

23.     Homejoy's status as the employer of Plaintiff and the Class is exemplified by the manner in which Homejoy controls the work of Plaintiff and the Class. For example:

    a.  Plaintiff and the Class members all provided the same service—cleaning—which was performed to standards set and maintained by Homejoy. For example, there is an application process to become a Homejoy Cleaning Professional. This process includes an online questionnaire, an interview, and then a "field test," where the applicant is supervised by another Homejoy Cleaning Professional and evaluated for quality;

    b.  Homejoy provides training to Cleaning Professionals, and monitors and tracks their performance. For example, Homejoy evaluates Cleaning Professionals based on the ratings received from customers, and uses these evaluations to set compensation for the Cleaning Professionals;

    c.  Homejoy manages the schedules of the Cleaning Professionals, including where they work geographically, and requires that they work in 2.5 hour minimum blocks of time;

d.  Homejoy provides a checklist for each part of the house which will be cleaned by the Cleaning Professional;

e.  Homejoy bars Cleaning Professionals from separately contracting with customers unless those customers terminate their relationship with Homejoy;

f.  Homejoy provided cellular telephones to Cleaning Professionals, to monitor their arrival times and geographic locations, asserting control over when they arrived for service;

g.  Cleaning Professionals cannot alter the price or the length, in terms of time, of the services they provide;

h.  Cleaning Professionals are required to wear shirts that say Homejoy, and to use cleaning supplies provided by Homejoy.  Homejoy provided for the shirts and supplies, which were intended to be uniform, and which also said "Homejoy" on them.

24.  In addition to asserting control over how and when Cleaning Professionals provided their cleaning services, Homejoy also required certain administrative tasks be completed by Cleaning Professionals.  This included requirements that the Cleaning Professionals communicate by text and email with customers and supervisors, and submit information to Homejoy upon completion of each cleaning service.

25.  Due to this misclassification, the kinds of wages not paid by Homejoy include meal and rest breaks and overtime, as well as reimbursement for necessary business expenditures.

26.  As a result of this control, Homejoy created an employer-employee relationship between itself and Plaintiff, and those similarly situated.

27.  Plaintiff believes that Homejoy misclassified its Cleaning Professionals as independent contractors.

28.  Defendant operated facilities in California that were "covered establishment(s)," as the term is defined in Section 1400, because Homejoy employed and trained 75 or more persons in certain facilities in the 12 months preceding this Complaint.

29.  Plaintiff and others similarly situated were subjected to a "mass layoff" or

"termination," as those terms are defined in Section 1400, *et seq*.

30. Defendant failed to provide Plaintiff and others similarly situated with the proper notice required by California Labor Code section 1401 prior to the mass layoff or termination.

31. Defendant failed to provide Plaintiff and others similarly situated with 60 days' wages and benefits as required by California Labor Code section 1402.

32. Defendant failed to provide Plaintiff and others similarly situated with the proper notice required by 29 U.S.C. section 2102 prior to the mass layoff or termination.

33. Defendant failed to provide Plaintiff and others similarly situated with 60 days' wages and benefits as required by 29 U.S.C. section 2104.

34. <u>Failure to Pay All Wages Due at Time of Layoff/Termination</u>: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination. Cal. Lab. Code § 201.

35. Because Defendant failed to pay Plaintiff and other similarly situated employees their wages (up to and including 60 days' pay, plus benefits), Defendant failed to pay those employees timely after each employee's separation of employment.

## V. CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a), (b)(2) and (b)(3), on behalf of a similarly situated Class, which is defined as follows:

A.) **California Class:** All non-exempt employees employed by Defendant at Defendant's qualifying facilities in California at any time within the four years prior to the filing of the initial complaint in this action through the date notice is mailed to a certified class who were subject to a mass layoff or termination as defined in California Labor Code section 1400 and to whom Defendants failed to provide timely written notice of mass layoffs.

B.) **Federal WARN Act Class:** All non-exempt employees employed by Defendant at Defendant's qualifying facilities throughout the United States, including but not limited to California, New York, Illinois, Washington, Texas, and Georgia, at any time within the four years prior to the filing of the initial complaint in this action through the date notice is mailed to a certified class who were subject to a mass layoff or termination as defined in 29 U.S.C. section 2101 and to whom Defendant failed to provide timely written notice of mass layoffs.

37. Plaintiff does not know the exact number of Class members, because such information is

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY TRIAL

in the exclusive control of Defendant.  Plaintiff is informed and believes that, due to the nature of the trade and commerce involved, there are hundreds of Class members such that joinder of all Class members in the prosecution of this action is impracticable.

38.     There is a well-defined community of interest in the litigation and the class is easily ascertainable.

a.  <u>Ascertainability</u>:  The proposed class is readily ascertainable in that the Class members can be identified using Defendant's payment and employment records.

b.  <u>Numerosity</u>:  The members of each class are so numerous that joinder would be unfeasible and impractical. The membership of each class is unknown to Plaintiff at this time; however, the classes together are estimated to be more than 1,000 individuals.  Membership in the class will be determined upon an analysis of employee documents, among other records maintained by Defendant.

c.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the Classes, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members he seeks to represent and with whom he shares a well-defined community of interest.  Plaintiffs were Cleaning Professionals employed by Defendant in California. Plaintiff was terminated as part of a mass layoff without proper notice or payment, along with all other putative Class members.  Plaintiff and all members of the Classes have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as complained herein. The damages sustained by each member of the Classes were caused directly by Defendant's wrongful conduct as alleged herein.

d.  <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff's claims are not antagonistic to those of the Class members.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including complex, employment class actions, and Plaintiff intends to prosecute this action vigorously.  The representative Plaintiff is not subject to any individual defenses unique from those applicable to the Classes as a whole with respect to the claims on which he seeks to represent the Classes.

e.  <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for all Class members.

f.  <u>Commonality and Predominance</u>:  There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

1.  whether Defendant was an employer under the Fed'l WARN Act.

2.  whether all Federal WARN Act Class members were protected under the Fed'l WARN Act;

3.  whether Defendant gave at least 60 days' advance written notice to the Federal WARN Act Class members, as required by the Fed'l WARN Act;

4. whether Defendant failed to pay the Federal WARN Act Class members wages and to provide other employee benefits for the sixty-day period following their respective layoffs;

5. whether Defendant was an employer under the Cal WARN Act.

6. whether all California Class members were protected under the Cal WARN ACT;

7. whether all the California Class members' employment locations were covered establishments under the Cal WARN Act;

8. whether Defendant gave at least 60 days' advance written notice to the California Class members, as required by the Cal WARN Act;

9. whether Defendant failed to pay the California Class members wages and to provide other employee benefits for the sixty-day period following their respective layoffs;

10. whether Defendant failed to provide the California Class members with all of their wages within the statutory time period.

39.     This case is maintainable as a class action because prosecution of actions by or against individual members of the Classes would result in inconsistent or varying adjudications and would create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual Class member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

40.     Class certification also is appropriate because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Litigation of these claims in one forum is efficient, especially in the context of the claims brought under the WARN Acts, which necessarily involve a single decision or set of decisions that affects the rights of hundreds of employees.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

41.     Plaintiff intends to send notice to all members of the Classes as required by law.  The names and addresses of the Proposed Class are available from Defendant.

42.     This class action is superior to alternatives, if any, for the fair and efficient adjudication

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY TRIAL

of this controversy.  Prosecution of the claims pleaded herein as a class action will eliminate the possibility of repetitive litigation.  There will be no material difficulty in the management of this action as a class action.

43.     The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendant.

## VI.     CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION
Failure to Provide Timely Written Notice of Mass Layoffs
in Violation of 29 U.S.C. section 2101, *et seq*.
(Against Defendant by the Federal WARN Act Class)

44.     Plaintiff repeats, repleads, and incorporates by reference the p receding paragraphs, inclusive, as though fully set forth in this cause of action.

45.     At all relevant times, Plaintiff and all others similarly situated were "affected employees" of Defendant within the meaning of 29 U.S.C. section 2101(a)(5).

46.     At all relevant times, Homejoy was an "employer" within the meaning of 29 U.S.C. section 2101(a)(1) in that it is a business enterprise that employs: (A) 100 or more employees, excluding part-time employees; or (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime).

47.     Plaintiff and others similarly situated were subjected to a "mass layoff" by Defendant within the meaning of 29 U.S.C. section 2101(a)(3) in that Defendant reduced its work force, not as the result of a plant closing, which resulted in an employment loss for (i) at least 33 percent of the employees (excluding any part-time employees); and at least 50 employees (excluding any part-time employees); or (ii) at least 500 employees (excluding any part-time employees).

48.     Defendant's actions, as described above, and as they occurred at Defendant's facilities throughout the United States, including but not limited to California, New York, Illinois, Washington, Texas, and Georgia, constituted a "mass layoff" without written notice to its employees 60 days in advance of the order, thereby depriving Plaintiff and others similarly situated of the notice period required by the Federal WARN Act.  29 U.S.C. § 2102.

49.     Defendant is liable to Plaintiff and others similarly situated for: (1) back pay either at the

9
COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY TRIAL

average regular rate of compensation received by them during the last three years of their employment, or at their final rate of pay, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued. 29 U.S.C. § 2104. Defendant is liable to them for the period of violation up to 60 days or one-half the number of days Defendant employed them, whichever period is smaller. *Id.*

50.     Pursuant to 29 U.S.C. section 2104(a)(6), Plaintiff and others similarly situated are entitled to recover reasonable attorneys' fees and costs.

<u>SECOND CAUSE OF ACTION</u>
Failure to Provide Timely Written Notice of Mass Layoffs in Violation of California Labor Code section 1400, *et seq*.
(Against Defendant by the California Class)

51.     Plaintiff repeats, repleads, and incorporates by reference the preceding paragraphs, inclusive, as though fully set forth in this cause of action.

52.     At all relevant times, Plaintiff and all others similarly situated were "employees" of Defendant within the meaning of California Labor Code section 1400(h).

53.     At all relevant times, Homejoy was an "employer" within the meaning of California Labor Code section 1400(b) in that it directly or indirectly owned and operated a covered establishment, or was a parent corporation as to a covered establishment directly owned and operated by its corporate subsidiary, in the 12 months prior to July 17, 2015.

54.     Plaintiff and others similarly situated were subjected to a "mass layoff" by Defendant within the meaning of California Labor Code sections 1400(c) and 1400(d) in that each was subjected to a separation from employment for lack of funds or lack of work, and Defendant laid off 50 or more employees at a covered establishment during a thirty-day period.

55.     Defendant's actions, as described above, and as they occurred at Defendant's qualifying facilities in California, constituted a "mass layoff" or "termination" without written notice to its employees 60 days in advance of the order, thereby depriving Plaintiff and others similarly situated of the notice period required by the Cal WARN Act. Cal. Lab. Code § 1401.

56.     Defendant is liable to Plaintiff and others similarly situated for: (1) back pay either at the

average regular rate of compensation received by them during the last three years of their employment, or at their final rate of pay, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued.  Cal. Lab. Code § 1402.  Defendant is liable to them for the period of violation up to 60 days or one-half the number of days Defendant employed them, whichever period is smaller.  *Id.*

57.     Pursuant to California Labor Code section 1403, Plaintiff and others similarly situated are entitled to recover a civil penalty of five hundred dollars ($500) for each day of their employer's violation of the Cal WARN Act.

58.     Pursuant to California Labor Code section 1404, Plaintiff and others similarly situated are entitled to recover reasonable attorneys' fees and costs.

<u>THIRD CAUSE OF ACTION</u>
Failure to Pay All Wages Timely Upon Separation of Employment
in Violation of California Labor Code section 201
(Against Defendant by the California Class)

59.     Plaintiff repeats, repleads, and incorporates by reference the preceding paragraphs, inclusive, as though fully set forth in this cause of action.

60.     At all relevant times, Plaintiff and others members of the California Class were employees of Defendant covered by California Labor Code section 201.

61.     Pursuant to California Labor Code section 201, Plaintiff and members of the California Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.

62.     Defendant failed to pay Plaintiffs and members of the California Class all wages earned and unpaid prior to termination in accordance with Labor Code section 201.

63.     Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendant maintained a policy or practice of not paying hourly employees upon separation of employment wages for all unpaid wages timely upon separation of employment.

64.     Defendant's failure to pay Plaintiff and members of the California Class all wages

earned prior to termination timely in accordance with California Labor Code section 201 was willful. Defendant had the ability to pay all wages earned by hourly workers prior to termination in accordance with California Labor Code section 201 but intentionally adopted policies, practices or procedures incompatible with the requirements of California Labor Code section 201. Defendant's practices include failing to pay 60 days' wages and benefits for failure to provide required written notice of mass layoff or terminations. When Defendant failed to pay hourly workers timely upon their separation of employment all wages due to them prior to termination, Defendant knew what it was doing and intended to do what it did.

65. Plaintiff and all those persons similarly situated have been terminated from their positions with Defendant and are entitled to unpaid compensation, but to date have not received such compensation. Defendant, however, willfully failed to pay such potential Class members all wages owed to them, including their accrued paid time off, within the time limits set forth in California Labor Code sections 201 and 202.

66. Pursuant to California Labor Code section 203, Plaintiff and California Class members are entitled to waiting time penalties in the form of continuation wages from the day their unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

67. As a result of Defendant's conduct, Plaintiff and members of the California Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

68. As a result of Defendant's conduct, Plaintiff and members of the California Class have suffered damages in an amount subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code section 203.

69. Pursuant to California Labor Code sections 201-203, Plaintiff and members of the California Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and interest thereupon.

## FOURTH CAUSE OF ACTION
Unfair Competition, In Violation of California Business and Professions Code section 17200, *et seq*.
(Against Defendant by the California Class)

70. Plaintiff repeats, repleads, and incorporates by reference the preceding paragraphs ,

inclusive, as though fully set forth in this cause of action.

71.     Section 17200 of the California Business and Professions Code prohibits unfair completion by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, including but not limited to violations of the Federal WARN Act, the Cal WARN Act, and the California Labor Code, constitutes unlawful business actions and practices in violation of Section 17200, *et seq*.

72.     As a result of Defendant's unfair competition as alleged herein, Plaintiff and members of the California Class have suffered injury in fact and lost money or property, as described in more detail above.

73.     Pursuant to Business and Professions Code 17200, *et seq*., Plaintiff and members of the California Class are entitled to restitution of unpaid wages and benefits alleged herein that Defendant failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendant on behalf of the California Class enjoining it, and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the California Class and Federal WARN Act Class, pray for relief as follows:

1.  That this action be certified as a class action;

2.  That Plaintiff be appointed as the representative of the California Class and the Federal WARN Act Class;

3.  That counsel for Plaintiff be appointed as Class Counsel;

### ON THE FIRST CAUSE OF ACTION:

1.  That Defendant be found to have violated the notice provisions of 29 U.S.C. section 2102 as to Plaintiff and the Federal WARN Act Class in that Defendant failed to provide Plaintiff and the Federal WARN Act Class written notice of a mass layoff at least 60 days before the mass layoff order took effect;

2.  For damages, according to proof, including but not limited to: (1) backpay at the average rate of compensation received by each employee during the last three years or the employee's final rate of compensation, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued; either of them continuing up to 60 days or one-half the

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY TRIAL

number of days Defendant employed Plaintiff and the Federal WARN Act Class;

3. For any and all legally applicable penalties;

4. For pre-judgment and post-judgment interest;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under 29 U.S.C. section 2104(a)(6); and,

6. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1. That Defendant be found to have violated the notice provisions of the California Labor Code as to Plaintiff and the California Class in that Defendant failed to provide Plaintiff and the California Class written notice of a mass layoff at least 60 days before the mass layoff order took effect;

2. For damages, according to proof, including but not limited to: (1) backpay at the average rate of compensation received by each employee during the last three years or the employee's final rate of compensation, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued; either of them continuing up to 60 days or one-half the number of days Defendant employed Plaintiff and the California Class;

3. For any and all legally applicable penalties;

4. For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest;

5. For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1404; and,

6. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1. That Defendant be found to have violated the provisions of the California Labor Code regarding payment of wages due upon separation of employment as to Plaintiff and the California Class;

2. For damages and/or penalties, according to proof, including damages and/or statutory penalties under California Labor Code section 203 and any other legally applicable damages or penalties;

3. For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4. For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1. That Defendant be found to have violated California Business and Professions Code

section 17200, et seq., for the conduct alleged herein as to Plaintiff and the
California Class;

2. A declaratory judgment that the practices complained herein are unlawful;

3. An injunction against Defendant enjoining them, and any and all persons acting in
concert with them, from engaging in each of the unlawful practices, policies and
patterns set forth herein;

4. For restitution to the full extent permitted by law;

5. An award of reasonable attorneys' fees and costs pursuant to Code of Civil
Procedure section 1021.5, California Labor Code section1404, and/or other
applicable law; and,

6. For such and other further relief, in law and/or equity, as the Court deems just or
appropriate.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all the

claims asserted in this complaint so triable.

BLOCK & LEVITON LLP

By:        */s/ Lesley E. Weaver*
Lesley E. Weaver

Lesley E. Weaver (State Bar No. 191305)
429 9th Street, Suite 260
Oakland, CA 94607
Telephone: (415) 968-8999
Facsimile:  (617) 507-6020
lweaver@blockesq.com

Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
Leland H. Belew (SBN 293096)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile:  (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com
leland.belew@andrusanderson.com

*Attorneys for Plaintiff*