Lesley E. Weaver (State Bar No. 191305)
BLOCK & LEVITON LLP
610 16th Street, Suite 214
Oakland, CA 94612
Telephone: (415) 968-8992
lweaver@blockesq.com

Lori E. Andrus (State Bar No. 205816)
Jennie Lee Anderson (State Bar No. 203586)
Leland H. Belew (State Bar No. 293096)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile:  (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com
leland.belew@andrusanderson.com

*Attorneys for Plaintiff Nicholas Reyna*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nicholas Reyna,<br><br>Plaintiff,<br><br>v.<br><br>Homejoy, Inc.<br><br>Defendants. | Case No. 15-cv-03405-EMC<br><br>**PLAINTIFF NICHOLAS REYNA'S CASE MANAGEMENT STATEMENT**<br><br>Date:  June 30, 2016<br>Time:  9:30 a.m.<br>Place: Courtroom 5 |

Pursuant to this Court's Notice dated December 30, 2015, Plaintiff Nicholas Reyna ("Reyna" or "Plaintiff") and the Class (collectively, "Plaintiffs") submit this Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. <u>JURISDICTION AND SERVICE</u>

    A.    <u>Jurisdiction and Venue:</u>

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. section 1331. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1332(d)(2)(A), the Class Action Fairness Act.  The parties are diverse and the amount in controversy exceeds $5,000,000

exclusive of interest and costs. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. section 1367(a), as Plaintiffs' state law claims are so related to Plaintiffs' federal claims that they form the same case and controversy.

Venue is proper in this District under 28 U.S.C. section 1391. Defendant Homejoy, Inc. ("Homejoy" or "Defendant" or "the Company") operates throughout California. Although the Company announced that it ceased operations on July 31, 2015, the Company was headquartered in San Francisco, California. Defendant employed Plaintiff and certain Class members in San Francisco, California, as well as other Bay Area locations.

B.   Service:

On July 24, 2015, Reyna served Homejoy with a copy of the Summons and Complaint via its Authorized Agent for Service of Process. At the time, the Company had not ceased operations. Plaintiff has also served two letters, seeking to meet and confer and identification of counsel, on CEO Adeora Cheung at the Company's headquarters on California Street in San Francisco, on August 4, 2015, and August 12, 2015. No response was received.

2.   FACTS

Upon or about July 17, 2015, Homejoy indicated that it would cease operations and that cleaning professionals it employed would be terminated effective July 31, 2015. This action was filed on July 23, 2015, seeking to recover on behalf of a class of persons employed by Homejoy, who are owed unpaid wages and interest thereupon, including back pay, for failure to give written notice of termination, waiting penalties, injunctive relief and other equitable relief, civil penalties pursuant to California Labor Code section 1403. Plaintiff Nicholas Reyna was one such employee.

On December 24, 2015, Homejoy filed its Notice of Petition for Relief Under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101 et. Seq., and sought an automatic stay of the instant proceeding. (Dkt No. 27). The bankruptcy proceeding is ongoing. A creditors' committee has been appointed, and an investigation regarding the Debtor's assets is underway. Plaintiff has also spoken with Homejoy's bankruptcy counsel and advised counsel of the filing of this statement. Defendant Homejoy declined to enter an appearance in this action.

PLAINTIFF NICHOLAS REYNA'S CASE MANAGEMENT STATEMENT

3. <u>LEGAL ISSUES</u>

Through this action, Plaintiff seeks resolution of the following legal issues:

a. Whether Homejoy created an employer-employee relationship between itself and Plaintiff, and those similarly situated;

b. Whether Homejoy misclassified its Cleaning Professionals as independent contractors;

c. Whether Homejoy operated facilities in California that were "covered establishment(s)," as the term is defined in California Labor Code section 1400, because Homejoy employed and trained 75 or more persons in certain facilities in the 12 months preceding this Complaint;

d. Whether Plaintiffs and Class were subjected to a "mass layoff" or "termination," as those terms are defined in Section 1400, et seq.;

e. Whether Defendant failed to provide Plaintiff and others similarly situated with the proper notice required by Section 1401 prior to the mass layoff or termination;

f. Whether Defendant failed to provide Plaintiffs with 60 days' wages and benefits as required by Section 1402;

g. Whether Defendant failed to provide Plaintiff and others similarly situated with the proper notice required by 29 U.S.C. section 2104;

h. Whether the nature of this action makes the use of class action adjudication superior to other methods.

i. Whether there are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

1) Whether Defendant was an employer under the Federal WARN Act;

2) Whether all Federal WARN Act Class members were protected under the Federal WARN Act;

3) Whether Defendant gave at least 60 days' advance written notice to the Federal WARN Act Class members, as required by the Federal WARN Act;

4) Whether Defendant failed to pay the Federal WARN Act Class members wages and to provide other employee benefits for the sixty-day period following their respective layoffs;

5) Whether Defendant was an employer under the Cal WARN Act;

6) Whether all California Class members' were protected under the Cal WARN Act;

7) Whether all the California Class members' employment locations were covered establishments under the Cal WARN Act;

8) Whether Defendant gave at least 60 days' advance written notice to the California Class members, as required by the Cal WARN Act;

9) Whether Defendant failed to pay the California Class members wages and to provide other employee benefits for the sixty-day period following their respective layoffs; and

10) Whether Defendant failed to provide the California Class members with all of their wages within the statutory time period.

j. Whether this case is maintainable as a class action because prosecution of actions by or against individual members of the Classes would result in inconsistent or varying adjudications and would create the risk of incompatible standards of conduct for Defendant. Further, whether adjudication of each individual Class member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

k. Whether class certification is appropriate because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Whether litigation of these claims in one forum is efficient, especially in the context of the claims brought under the WARN Acts, which necessarily involve a single decision or set of decisions that affects the rights of hundreds of employees.  In addition, whether class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

4. Motions

On September 22, 2015, Plaintiff filed a Motion for Entry of Default against Homejoy. On September 23, 2015, Default was entered by the Court.

5. Amendment of Pleadings

Plaintiff are considering adding additional Defendants once the stay is lifted if claims are not otherwise resolved in the bankruptcy proceeding.

6. Evidence Preservation

Plaintiff reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Plaintiff further sent a preservation letter to the CEO of the Defendant on August 4, 2015, seeking to meet and confer regarding preservation obligations, in light of the Company's announcement that it would cease operations.  Defendant has not responded.

7. Disclosures

No disclosures have been made.

8. Discovery

No discovery has been taken in this proceeding.

9. Class Actions

Plaintiff brings this action on behalf of himself and those similarly situated, seeking relief on behalf of two subclasses: one under the California WARN Act, and one under the federal WARN Act. This Class is maintainable as a class action because prosecution of actions by or against individual members of the Subclasses would result in inconsistent or varying adjudications and would create the risk of incompatible standards of conduct for the Defendant. Litigation in a single forum is efficient and superior because it will obviate the need for duplicative litigation.

10. Related Cases

This case is related to *Iglesias v. Homejoy, Inc.*, Case No. 3:15-cv-01286-EMC filed with the U.S. District Court, California Northern District, also pending before this Court. Two state law cases asserting claims against Homejoy are pending in San Francisco Superior Court: *Zenelaj v. Homejoy Inc.*, Case No. CGC-15-544599; and *Ventura v. Homejoy Inc.*, Case No. CGC-15-544750.

The Homejoy bankruptcy action is pending in the Northern District of California Banktruptcy Court at *In re Homejoy (Assignment for the Benefit of Creditors) LLC*, Case No. 15-53931 MEH 11.

11. Relief

Plaintiff is seeking that this class action be certified as a class action; that Plaintiff be appointed as the representative of the California Class and the Federal WARN Act Class; and that Counsel for Plaintiff be appointed as Class Counsel.

Additionally, Plaintiff seeks the following specifically as to each cause of action:

For the first cause of action, Plaintiff seeks the Court to find that Defendant violated the notice provisions of 29 U.S.C. section 2102 as to Plaintiff and the Federal WARN Act Class by failing to provide Plaintiff and the Federal WARN Act Class written notice of a mass layoff at least 60 days before the mass layoff order took effect. Plaintiff asks that the Court require Defendant to pay: (1) backpay at the average rate of compensation received by each employee during the last three years or the employee's final rate of compensation, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued; either of them continuing up to 60 days or one-half the number of days Defendant employed Plaintiff and the Federal WARN Act Class. Additionally, Plaintiff seeks that the Defendant pay any and all legally applicable penalties, pre-judgment

and post-judgment interest, attorneys' fees and costs of suit, including but not limited to that recoverable under 29 U.S.C. section 2104(a)(6); and other further relief in law and/or equity, as the Court deems just or appropriate.

For the second cause of action, the Plaintiff asks the Court to find that Defendant violated the notice provisions of the California Labor Code as to Plaintiff and the California Class by failing to provide Plaintiff and the California Class written notice of a mass layoff at least 60 days before the mass layoff order took effect. Plaintiff asks the Court to require Defendant to pay the following damages: (1) backpay at the average rate of compensation received by each employee during the last three years or the employee's final rate of compensation, whichever is higher; and (2) the value of the cost of any benefits to which they would have been entitled had their employment continued; either of them continuing up to 60 days or one-half the number of days Defendant employed Plaintiff and the California Class. Additionally, Plaintiff seeks the Defendant pay any and all legally applicable penalties; pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1404; and, other further relief in law and/or equity, as the Court deems just or appropriate.

For the third cause of action, the Plaintiff asks the Court to find that Defendant violated the provisions of the California Labor Code regarding payment of wages due upon separation of employment as to Plaintiff and the California Class. Plaintiff asks the Court to require Defendant to pay damages and/or penalties, including damages and/or statutory penalties under California Labor Code section 203 and any other legally applicable damages or penalties. Additionally, Plaintiff seeks the Defendant to pay for pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and, for such and other further relief, in law and/or equity, as the Court deems just or appropriate.

For the fourth cause of action, the Plaintiff asks the Court to find that Defendant violated California Business and Professions Code section 17200, et seq., for the conduct alleged herein as to Plaintiff and the California Class. Plaintiff seeks a declaratory judgment that the practices complained herein are unlawful and an injunction against Defendant enjoining them, and any and all persons acting

in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein. Further, Plaintiff seeks restitution to the full extent permitted by law, an award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5, California Labor Code section1404, and/or other applicable law; and, other further relief, in law and/or equity, as the Court deems just or appropriate.

12. Settlement and ADR

Plaintiff has been in communication with the Assignee for Benefit of Creditors but was unable to reach a resolution of the claims. Plaintiff is now engaging with the creditors' committee to determine the scope of assets available to satisfy the claims asserted in this case.

13. Consent to Magistrate Judge for All Purposes

Plaintiff does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Any narrowing of issues will be difficult to determine without the appearance of defense counsel.

16. Expedited Trial Procedure

This case cannot be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

This matter is currently stayed pursuant of the Notice of Bankruptcy.

18. Trial

This section is not applicable pursuant to the Default entered by the Court on September 23, 2015.

19. Disclosure of Non-party Interested Entities or Persons

No such disclosures apply to Plaintiff. Defendant has not entered any disclosures.

20. Professional Conduct

PLAINTIFF NICHOLAS REYNA'S CASE MANAGEMENT STATEMENT

Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

None.

Dated: June 23, 2016					By: _____/s/_____
							     Lesley E. Weaver

Lori E. Andrus (State Bar No. 205816)
Jennie Lee Anderson (State Bar No. 203586)
Leland H. Belew (State Bar No. 293096)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile:  (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com
leland.belew@andrusanderson.com

Lesley E. Weaver (State Bar No. 191305)
BLOCK & LEVITON LLP
610 16th Street, Suite 214
Oakland, CA 94612
Telephone: (415) 968-8992
lweaver@blockesq.com

*Attorneys for Plaintiffs*

PLAINTIFF NICHOLAS REYNA'S CASE MANAGEMENT STATEMENT